**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LIQUAN LING, AKA Liqiang Lin, | No. 10-72303 |
| Petitioner, | Agency No. A099-668-292 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 13, 2012
Honolulu, Hawaii

Before: SCHROEDER, CALLAHAN, and N.R. SMITH, Circuit Judges.

Liquan Ling, aka Liqiang Lin, a native and citizen of China, petitions for

review of a decision of the Board of Immigration Appeals (BIA) affirming an

immigration judge's (IJ) denial of his application for asylum and withholding of

removal. The BIA denied relief on the basis of an adverse credibility finding.

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Because Ling's asylum application was filed in June 2006, his case is governed by the credibility and corroboration standards set forth in the REAL ID Act. *See* 8 U.S.C. § 1158(b)(1)(B). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the BIA's factual findings, including adverse credibility findings. *Soto-Olarte v. Holder*, 555 F.3d 1089, 1091 (9th Cir. 2009). We deny the petition for review.

Substantial evidence supports the BIA's adverse credibility finding. The BIA identified four reasons for its finding. As long as one of these reasons is supported by substantial evidence, we are bound to accept the adverse credibility finding. *Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir. 2004). Two of the reasons for the BIA's adverse credibility determination were Ling's omissions of the 2001 incident and the material details regarding the 2005 incident from his asylum application. These omissions "went to the core" of his claim of persecution. *See Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011) ("Material alterations in the applicant's account of persecution are sufficient to support an adverse credibility finding."); *see also Kin v. Holder*, 595 F.3d 1050, 1056-57 (9th Cir. 2010) (concluding omissions from asylum application of a political demonstration and petitioners' participation in it were significant where the information was crucial to establishing persecution claim). Ling was confronted with these omissions and the

BIA reasonably rejected Ling's explanation. *See Tekle v. Mukasey*, 533 F.3d 1044, 1055 (9th Cir. 2008).

Substantial evidence also supports the BIA's adverse credibility determination based upon Ling's failure to provide any corroborating evidence of his mistreatment. *See Sidhu v. INS*, 220 F.3d 1085, 1092 (9th Cir. 2000) ("[W]here the IJ has reason to question the applicant's credibility, and the applicant fails to produce non-duplicative, material, easily available corroborating evidence and provides no credible explanation for such failure, an adverse credibility finding will withstand appellate review."). Accordingly, in the absence of credible testimony, we deny the petition as to Ling's asylum and withholding of removal claims. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because we deny the petition on credibility grounds, we need not address the BIA's alternate holdings that Ling would not be eligible for asylum or withholding of removal if he were found credible.

**PETITION FOR REVIEW DENIED.**